1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# United States District Court
# Eastern District of California

KERRY HARRIS,

              Petitioner,

   v.

KEN CLARK, Warden,

              Respondent.

CIV S-08-2155 TJH

Order

In September, 2004, police responded to a 911 call.  They found the victim at her neighbor's house.  The victim's eye was bruised; her lower lip was swollen and had been bleeding; and she had a knife wound on her left forearm.  The victim told police that Kerry Harris ("Petitioner") hit her in the face several times, cut her with a kitchen knife, and threatened to kill her.  Petitioner is the father of the victim's seven-year-old son and the child she was, then, expecting.  Later, the victim recanted and tried to get the case dismissed.  However, Petitioner was arrested and charged with inflicting corporal injury upon a co-habitant and with assault with a deadly weapon.  Evidence at trial established a history of domestic violence committed by Petitioner upon the victim by a record of police reports and photographs.  The victim denied that the Petitioner assaulted her in this case.  The jury convicted Petitioner on both counts.

1    Petitioner filed a writ of *habeas corpus* in California state court.  His petition was

2  denied.  He, then, filed a petition in this Court. Petitioner seeks a writ of *habeas corpus*

3  on the following grounds:

4         1.  The court erred in denying a continuance to obtain a key witness;

5         2.  The court erred in admonishing the victim in front of the jury for violating a

6         court order; and

7         3.  The court erred in excluding evidence of the nature of the illness of the

8         victim's child.

9         The Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), provides

10  that a federal court may grant *habeas* relief if a state court adjudication resulted in a

11  decision that (1) was contrary to, or involved an unreasonable application of, clearly

12  established federal law, as determined by the Supreme Court, or (2) was based on an

13  unreasonable determination of the facts in light of the evidence presented in the state

14  court proceeding.

15         Petitioner contends that the trial court erred in denying a continuance to obtain a

16  key witness, claiming prejudice because the third-party witness would have testified that

17  she committed the crime.  The defense counsel's theory was that the victim was under

18  severe stress due to Petitioner's infidelity while their son was hospitalized.  The stress

19  caused the victim to attack other women the Petitioner was seeing, one of whom

20  allegedly caused the injury that the Petitioner was charged with inflicting.  On the last

21  day of the trial, the defense counsel announced that she had just spoken by phone for the

22  first time with the woman who allegedly caused the victim's injuries, and asked for a

23  continuance for the defense investigator to obtain a detailed statement from that witness.

24  The court denied the request.

25         The matter of continuance is traditionally within the discretion of the trial judge.

26  *Ungar v. Sarafite,* 376 U.S. 575, 589, 84 S. Ct. 841, 849, 11 L. Ed. 2d 921, 931 (1964).

27  When a continuance is sought to obtain a witness, the accused must show who the

28  witness is, what the witness's testimony will be, that the testimony will be competent and

1  relevant, that the witness can be obtained if the continuance is granted, and that due

2  diligence was used in trying obtain the witness's timely attendance. *United States v.*

3  *Hoyos*, 573 F.2d 1111, 1114 (9th Cir. 1978).

4       The trial court had sufficient facts to determine that defense counsel had not

5  shown adequate diligence in obtaining the witness prior to the day of the continuance

6  motion and that defense counsel failed to show that the testimony would be relevant and

7  competent. First, defense counsel told the court that she was unable to find the potential

8  witness until the day of the continuance motion because she did not know the witness's

9  last name. Petitioner's friend had run into the potential witness over the weekend,

10  acquired her phone number, and gave it to Petitioner on the day of the motion. However,

11  the victim testified that the potential witness, the woman who allegedly attacked the

12  victim, repeatedly called the Petitioner in the past, and that the woman's name and

13  number were saved in his phone. Although, at the time of the motion, Petitioner claimed

14  that the woman was a key witness to his defense, he failed to show he had made any

15  good faith efforts to reach the potential witness in a timely fashion. Second, defense

16  counsel told the court that her only communication with the potential witness consisted

17  of that witness confirming that she did have an altercation with the victim at one time.

18  The potential witness did not indicate the date or the address of the altercation, and she

19  did not state that she physically attacked the victim during the interaction. Thus, defense

20  counsel did not show that the testimony would have been relevant and competent.

21  Accordingly, the trial court properly denied Petitioner's request for a continuance.

22  *Hoyos*, 573 F.2d at 1114.

23       Petitioner contends that the trial court erred in admonishing the victim in front of

24  the jury for violating its order to not mention the nature of her son's illness. Specifically,

25  the trial judge told the jury:

26            The court has previously ordered this witness to ... not mention these

27        subjects because they are irrelevant and they are intended to arouse your

28        sympathies and emotions. I find this witness is ... violating a direct order

1    of this Court and has demonstrated a total, intentional disregard for this

2    Court's ruling.  You may consider that in evaluating her credibility.

3    Petitioner did not object to the judge's remarks during the trial.  California's

4    "contemporaneous objection rule" is an adequate procedural bar. *Hines v. Enomoto*, 658

5    F.2d 667, 673 (9th. Cir. 1981).  A defendant who fails to object to an alleged error at trial

6    is not entitled to federal *habeas* review of the constitutional claim absent a showing of

7    cause for, and prejudice resulting from, the failure to object.  *Wainwright v. Sykes,* 433

8    U.S. 72, 87, 97 S. Ct. 2497, 2506, 53 L. Ed. 2d 594, 608 (1977).  Petitioner offered no

9    explanation for failing to object to the judge's admonishment to the jury during the trial

10   or any resulting prejudice.  Thus, Petitioner's claim is procedurally barred from federal

11   *habeas* review.

12   Petitioner claims that the trial court erred in excluding evidence of the exact nature

13   of the illness of his and the victim's son.  Federal courts do not review questions of state

14   evidence law.  *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S. Ct. 475, 480, 116 L. Ed. 2d

15   385, 396 (1991).  To obtain *habeas* relief based on evidentiary error, a petitioner must

16   demonstrate that the error so fatally infected the proceedings that it rendered the trial

17   fundamentally unfair. *Karis v. Calderon*, 283 F.3d 1117, 1129 (9th Cir. 2002). Petitioner

18   argues that introducing evidence about the nature of the child's illness was essential to

19   his defense.  Specifically, Petitioner claims that such evidence would have proved the

20   theory that due to the severe stress arising from the child's illness, the victim attacked

21   other women who were romantically involved with Petitioner, one of whom allegedly

22   caused the injury Petitioner was charged with inflicting.  However, although the state

23   court found that the exact nature of the child's illness was irrelevant, evidence was

24   introduced that the victim was under stress due to the child's illness and, thereby,

25   exacerbated the victim's volatile behavior.  Because excluding evidence of the child's

26   exact diagnosis did not prevent defense counsel from thoroughly advancing her theory,

27   Petitioner's claim of evidentiary error by the trial court did not render the trial

28   fundamentally unfair.  Therefore, Petitioner's claim fails.

1    It is Ordered that the petition for writ of *habeas corpus* be, and hereby is,

2  Denied.

3

4  Date:  December 19, 2012

5

6

7                                        Terry J. Hatter, Jr.
                                   Senior United States District Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28